REGNIER *v.* FAIRBANKS. { Aug. 11, 1876.

*Reference law of 1874— Order for filing report.*

Under the reference law of 1874, it may be within the discretion of the circuit court to order either party to put the report of the referee on file.

FROM HILLSBOROUGH CIRCUIT COURT.

This action was referred under the act of 1874. The referee gave notice, heard the parties, and made a report. The plaintiff elected trial by jury. The defendant moved that the plaintiff be ordered to file the report, which motion the court granted, and ordered the plaintiff to file the report during the term or be nonsuit. To this ruling and order the plaintiff excepted, and files this bill of exceptions, which was allowed by STANLEY, J., C. C.

*O' Conner*, for the plaintiff.

*Andrews*, for the defendant.

LADD, J. This case presents no doubtful question of law. The question of discretion that might be raised by the defendant's motion is not transferred, nor are any of the facts stated upon which the question of discretion would depend. The case is a bill of exceptions raising the question whether the court has power, upon facts not disclosed to us, to order the plaintiff to file the referee's report. For aught that appears, the plaintiff has the report, and unreasonably refuses to file it or give it to the defendant. There can be no difficulty in holding that the court may, under some circumstances, order either party to file any paper relating to the case. As the case does not show a state of things in which this ordinary power cannot be exercised, the exceptions, unless amended, must be overruled.

We might conjecture that the bill of exceptions was intended to raise the question whether the court can constitutionally compel either party to pay the referee's fees before enjoying his constitutional right of jury trial. But it is not usual to pass upon a constitutional question without some evidence that the parties have raised such a question. If that question were presented by the parties, we should want to know all the facts that might have a bearing upon it. The nature of the action is not disclosed. It might be necessary to know whether it is an action in which the plaintiff is constitutionally entitled to a jury trial. If it is not such an action, on what ground does he object to filing the report? If it is such an action, did he do or say anything when the

cause was referred, or at any other time, that should be held to be a waiver of his constitutional right of jury trial, and an acceptance of the modified jury trial provided by the act of 1874 ?  If he moved to send the cause to a referee, there might be good reason for holding that he thereby made such waiver and acceptance.  By electing a referee trial, under the act of 1874, he might well be held to have elected it with its accompanying incidents and consequences as provided by that act, one of which is a right to a qualified jury trial, in which the referee's report is *prima facie* evidence.  And in that case the motion that he should file the report would probably be within the discretion of the court, the exercise of which we should not review without a special transfer of the question of discretion, and a statement of all the facts having any bearing upon it.

Unless an amendment of the case is obtained to show that some question of law is presented for the decision of this court, I think the exception must be overruled.

CUSHING, C. J.   I agree that, unless the case can be amended, there is nothing properly before the court.

SMITH, J., was of the same opinion.

*Exception overruled.*